IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Therl Taylor, #260961, ) | |
| ) | Case No: 2:15-cv-4958-RMG |
| Plaintiff, ) | |
| ) | **ORDER and OPINION** |
| v. ) | |
| ) | |
| Virginia Grubbs, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 24). The Magistrate Judge has recommended that the Court **summarily dismiss** the Complaint, with prejudice and without issuance and service of process. The Court agrees with the Magistrate's analysis so **ADOPTS** the R & R as the order of the Court.

## I.   Legal Standard

### a.   Report and Recommendation from the Magistrate

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### b.   The Prison Litigation Reform Act (PLRA)

The PLRA, at 28 U.S.C. § 1915(g) provides that:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391, 404 (4th Cir. 2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), as amended (October 22, 2013). This means that, after receiving three strikes, a plaintiff will have to pay the full filing fee for almost any future non-habeas civil actions that he might wish to file. *Id.* at 610.

## II.     Background

Plaintiff is a state prisoner serving concurrent state sentences for murder (36 years) and possession of a weapon during the commission of a violent crime (5 years). Plaintiff's application for Post-Conviction Relief was denied. Plaintiff's federal habeas petition was dismissed on the merits. *See Taylor v. Warden*, Case No. 2:13-cv-2213-RMG-WWD, 2014 WL 4721183 (D.S.C. Sep. 22, 2014), *appeal dismissed*, 594 F.App'x 186 (4th Cir. March 2, 2015), *cert. denied*, 136 S.Ct. 323 (Oct. 13, 2015). Plaintiff, proceeding *pro se* and *in forma pauperis* (IFP), commenced this action with a lengthy, 97-page complaint (with attachments) in December 2015. (Dkt. No. 1). The Magistrate issued her R & R on November 8, 2016, and Plaintiff filed objections to the R & R on February 2, 2017. (Dkt. Nos. 24, 33.)

## III.    The Complaint

Liberally construed, Plaintiffs complaint contains allegations about deficient mail room services and the inadequate processing of various grievances. Plaintiff seeks relief for over a

2

dozen specific claims including, in his own words, "civil conspiracy," "First Amendment, specifically the Chilling Effect," denial of right of self-representation, and so on. Plaintiff has supported these claims with allegations about illegible copies, the "attitude" of the mail room attendant, and the fact that he has received responses to grievances by inter-departmental mail instead of by certified mail.

Plaintiff seeks: 1) a declaration that the Defendants violated his rights; 2) an injunction ordering them "not to interfere and violate" his future rights and "to correct and destroy inaccurate and incorrect records connected to Plaintiff;" 3) a copy of the contents of the Warden's file on him; 4) an official apology; 5) mental health counseling; and 6) $2,000.00 in compensatory and punitive damages from each Defendant. Plaintiff also seeks to have unspecified prior state court cases "re-opened." (Dkt. No. 1 at 19).

IV.     Plaintiff's Objections to the R & R

The Magistrate Judge construed Plaintiff's complaint liberally and determined that Plaintiff had not stated any claim for relief. Plaintiff has filed thirty-five pages of objections to the Magistrate's R & R, totaling some 305 specific numbered objections. The Court has reviewed all of these.

Many of Plaintiff's objections are incoherent, nonsensical, or irrelevant to this case. For example, Plaintiff objects in that "As previously described and now further asserted of a federal civil conspiracy count, Grubbs, Jones and Williams consistantly knodded [sic] in agreement to cause [Plaintiff] repeated injury as referenced herein and within the four corners of his original prose complaint, with 56 exhibits, seeking fairness in square truth." (Dkt. No. 33 at 25.) Many of Plaintiff's objections are conclusory. For example, "[specific objection] is made that [plaintiff's] federal counts are frivolous or malicious." (Dkt. No. 33 at 11.) Plaintiff's other statements were

3

general objections to the Magistrate's recommendation (e.g. conclusory claims that Plaintiff's complaint has merit), recycled arguments from the complaint, or restatements of facts. Many of the objections are simply personal attacks on the Magistrate. Plaintiff otherwise has objected to items in the R & R that have no bearing on the outcome of this case. For example, he objects to the Magistrate's reference to one of his previous lawsuits as "unsuccessful" (R & R at 3 n.3) without providing any facts to the contrary.

The Court finds that the Magistrate gave all claims in Plaintiff's complaint a generously liberal construction. This Court has, in turn, liberally construed Plaintiff's claims and objections because Plaintiff is proceeding *pro se*. The Court finds that the Magistrate's R & R has adequately explained why each of Plaintiff's claims lacks merit.

## V. Conclusion

The Court, having reviewed the complaint, the R & R, and Plaintiff's objections to the R & R, agrees with and **ADOPTS** the R & R as the order of the Court. The Court **summarily dismisses** the Complaint, with prejudice and without issuance and service of process. Pursuant to 28 U.S.C. § 1915(g), this case counts as a strike.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

February 3, 2017
Charleston, South Carolina

4